**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS HERNANDEZ-MIRANDA, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 21-70361 <br><br> Agency No. <br> A200-149-341 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2026**
Seattle, Washington

Before: McKEOWN, PAEZ, and BRESS, Circuit Judges.

Petitioner Santos Hernandez-Miranda, a native and citizen of Mexico, seeks

review of a Board of Immigration Appeals ("BIA") decision affirming the denial

of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

Hernandez-Miranda's core claim is that the Immigration Judge ("IJ") displayed

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

bias in the underlying immigration court proceeding in violation of his due process rights. He also argues that the Immigration Court lacked jurisdiction because he received a defective notice to appear. And in his reply brief, Hernandez-Miranda challenges, for the first time, the merits of the BIA's determination that he failed to demonstrate sufficient hardship to a qualifying relative. We review the first two issues de novo and the third for substantial evidence. *Kohli v. Gonzales*, 473 F.3d 1061, 1065 (9th Cir. 2007) (sufficiency of a notice to appear); *Padilla-Martinez v. Holder*, 770 F.3d 825, 829 (9th Cir. 2014) (due process challenges to final orders of removal); *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025) (hardship determinations). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

Hernandez-Miranda's notice to appear argument is not properly before us because he failed to exhaust it before the BIA. Regulations governing the contents of notices to appear are "claims-processing rule[s]," meaning deficiencies in such notices must be properly presented and preserved. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191 (9th Cir. 2022) (en banc). Even if Hernandez-Miranda had preserved his challenge, precedent squarely forecloses his argument that a notice to appear must "include time and date information" to "vest[] jurisdiction in the IJ." *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019).

Hernandez-Miranda's due process challenge lacks merit. He argues that comments the IJ made about "tax fraud" and Hernandez-Miranda being a "fugitive" demonstrate improper bias. But context suggests otherwise. The first comment came in response to testimony where Hernandez-Miranda appeared to admit that he claimed for tax purposes that a dependent nephew lived with him, knowing the nephew actually resided in Mexico. The IJ thus had a basis to ask whether Hernandez-Miranda knew "that that's tax fraud." Similarly, the IJ had reason to wonder whether Hernandez-Miranda "might be a fugitive," after Hernandez-Miranda testified that he failed to comply with multiple bench warrants. And there was no prejudice to Hernandez-Miranda in any event. The IJ's comments were made in the context of whether to grant Hernandez-Miranda's voluntary departure request as a favorable exercise of discretion, and the IJ ultimately granted him that relief. That series of events falls well short of a due process violation. *Cf. Reyes-Melendez v. I.N.S.*, 342 F.3d 1001, 1007 (9th Cir. 2003) (holding IJ violated petitioner's due process rights in a hearing "replete with sarcastic commentary and moral attacks" where IJ failed to consider "undisputed evidence").

Hernandez-Miranda forfeited his merits challenge to the BIA's hardship determination by failing to raise it in his opening brief. *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013). But even if we consider that argument, it

fails. Hardship for purposes of cancellation of removal "must deviate, in the extreme, from the norm" when compared to the hardship that results in the "ordinary course when an alien is removed." *Gonzalez-Juarez*, 137 F.4th at 1006. Assuming, without deciding, that Hernandez-Miranda's daughters count as qualifying relatives given their age, substantial evidence supports the BIA's determination that the financial and emotional hardships that Hernandez-Miranda's daughters would suffer, while unfortunate, do not rise to the level of exceptional and extremely unusual. *See id*.

**PETITION DENIED.**